Cite as 2020 Ark. App. 454

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–20–66

| | | |
|---|---|---|
| SABRINA ANDERSON | | **Opinion Delivered:** September 30, 2020 |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-19-87] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## MIKE MURPHY, Judge

On October 2, 2019, Sabrina Anderson was convicted by a Drew County jury of arson, a Class B felony, and sentenced to five years' incarceration. On appeal, Anderson argues that there is insufficient evidence to support her conviction because the building to which the fire was set was not an "occupiable structure" as contemplated by statute. We affirm.

To convict Anderson of arson, the State had to prove that she started a fire with the purpose of destroying or otherwise damaging an occupiable structure that is the property of another person. Ark. Code Ann. § 5-38-301(a)(1)(A) (Supp. 2019). For arson to be a Class B felony, the damage to the building had to be between $5,000 and $15,000. Anderson's sole argument on appeal is that the State did not provide sufficient evidence to establish that the building met the definition of an "occupiable structure."

In reviewing a challenge to the sufficiency of the evidence, we consider the evidence

in the light most favorable to the State and consider only the evidence that supports the verdict. *Thrower v. State*, 2018 Ark. 256, at 3, 554 S.W.3d 825, 827. We will affirm the conviction when substantial evidence supports it. *Id.* Substantial evidence constitutes evidence of sufficient force and character to compel a reasonably certain conclusion, without resorting to speculation or conjecture. *Id.*

As it is used in our criminal code, an "occupiable structure" means, in pertinent part, a building or other structure in which a person lives, carries on a business, or other calling, or a place where people assemble for a purpose of "business, government, education, religion, entertainment, or public transportation." Ark. Code Ann. § 5-38-101(2)(A)(ii). At trial, testimony established that the building in question was a shed owned by Herman Folk. The shed was a roughly 400-square-foot heated and cooled building on a concrete slab. It had two pool tables, dart boards, a 42-inch television, couches, chairs, a computer, a refrigerator, a bar, and a bathroom. It was in Folk's backyard, and Folk used the space to entertain friends and family.

On the night of the fire, Anderson was invited to Folk's building to join him and some friends. That evening, Folk and his friends were drinking, shooting pool, and playing dice. Shortly after Anderson's arrival, she and Folk had an argument, which led Folk to send everyone home and close up the building for the evening. Evidence most favorable to the State further established that Anderson threatened to "burn this mother down," kicked in the door, went inside for a few minutes, and when she exited, property inside the building was on fire. The arson investigation later established that a couch in the shed was the point of origin, and an accelerant was used.

Anderson argues that the shed was not an "occupiable structure" because it was not used as a residence and was not attached to Folk's house. Anderson, however, pointedly declined to address how Folk's building was not a place where people assembled for the purpose of entertainment. Here, the evidence established that Folk used his shed as a gathering place for friends and family to shoot pool and dice, drink, watch television, and play darts. On the night of the arson, Folk was having people over doing just those things. We hold that the State established by substantial evidence that Folk's shed was an occupiable structure as contemplated by our criminal code. We affirm.

Affirmed.

GRUBER, C.J., and VAUGHT, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.